IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| MICHAEL R. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. PARTIES AND JURISDICTION

1. The Plaintiff, Michael R. Fox, is an employee of the Defendant, CSX Transportation, Inc., and is an individual resident citizen of Irvine, Kentucky.

2. The Defendant, CSX Transportation, Inc., is a Virginia corporation whose principle place of business is in Jacksonville, Florida.

3. The incident which is the subject of this suit occurred in Perry County, Kentucky, within the London Division of this Court.

4. The Plaintiff, Michael R. Fox, at all times referred to herein, was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

5. This action is brought pursuant to the provisions of the Federal Employers Liability Act, 45 U.S.C., §51, et seq. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

## II. FACTS

6. On August 22, 2007, the Plaintiff, Michael R. Fox, was employed as a conductor on a train operated by the Defendant, CSX Transportation, Inc. Mr. Fox's train traveled to the premises of the Ace Coal Mine in Hazard, Kentucky for the purpose of loading approximately one hundred empty coal cars with coal from that facility.

7. As Mr. Fox and his crew were in the process of loading their train with coal, it was Mr. Fox's duty to get off the locomotive engine and uncouple it from the coal cars in the course of a switching maneuver. The area where Mr. Fox had to dismount from his locomotive engine was in a dangerous condition. A heavy growth of vines, which are believed to be kudzu vines, had grown onto the railroad right-of-way to the extent that they covered the walkways adjacent to the tracks and, in some locations, actually covered the rails.

8. As Mr. Fox dismounted from his locomotive engine, he was required to step into a growth of vines that was nearly up to his knees. As he attempted to perform his track side duties as a conductor, he became tangled in these vines and he fell to the ground, suffering severe, permanent, and career ending injuries.

## III. FIRST CAUSE OF ACTION

9. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

## IV. SECOND CAUSE OF ACTION

10. The Plaintiff avers that at the time and place of his injuries, the railroad had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work. The Plaintiff avers that to the extent the railroad delegated this duty to third parties, including Ace Coal Company, the railroad is responsible for the negligence of those third parties. The Plaintiff avers that all of his injuries were caused by the negligent breach of this duty by CSX Transportation, Inc.

## V. THIRD CAUSE OF ACTION

11. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the violation by the defendant railroad of a safety law enacted by Congress for the protection of railroad workers contained at CFR, Title 49, § 213.37, in that the defendant railroad, or the owner of the mine acting on the railroad's behalf, allowed vegetation to encroach on the areas immediately adjacent to the roadbeds to the extent that it interfered with railroad employees performing their normal track side duties.

## VI. DAMAGES

12. The Plaintiff avers that as a direct result of the negligence of the Defendant, he has been caused to suffer the following injuries and damages:

    (a) Past lost wages;

    (b) Future lost wages and fringe benefits;

    (c) Impairment of earning capacity;

    (d) Past and future physical pain and mental anguish;

    (e) Past and future medical expenses;

(f) Inability to carry out the usual and normal activities of life; and

(g) He was otherwise injured.

13. As damages, the Plaintiff claims of the Defendant the sum of One Million Dollars ($1,000,000.00).

## VII. JURY DEMAND

14. The Plaintiff demands a trial by a jury.

WHEREFORE, the Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the Defendant and that the following relief be granted:

(a) That the Plaintiff be awarded damages in an amount to fully and fairly compensate him for his injuries;

(b) That the cost of this action be assessed against the Defendant.

(c) That this Court grant such other and further relief as it deems just and proper.

_____
James H. Wettermark
Wettermark Holland & Keith, LLC
2101 Highland Avenue S., Suite 700
Birmingham, AL 35205
205-933-9500
205-212-9500 (facsimile)
james@whklaw.com

**Defendant's Address:**

CSX Transportation, Inc.
c/o CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, KY 40601

4